PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DONALD WEBSTER, | ) |
| | ) CASE NO. 1:10CV1587 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| FREEDOM DEBT RELIEF, LLC, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

Plaintiff Donald Webster filed a Complaint (ECF No. 1) against Freedom Debt Relief, LLC ("FDR"), Century Negotiations, Inc. ("Century"), Global Client Solutions, LLC ("Global"), Rocky Mountain Bank & Trust ("RMBT"), and John and Jane Does A-K. The Complaint (ECF No. 1) alleges violations of Chapter 4710 of the Ohio Revised Code and of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01, *et seq.*, civil conspiracy, and aiding and abetting; and seeks damages, rescission, injunctive relief, attorneys' fees, and costs.

On January 18, 2011, the above-entitled action was reassigned from Chief Judge Solomon Oliver, Jr. to the undersigned pursuant to General Order 2011-4. Chief Judge Oliver had previously referred the case to Magistrate Judge Nancy A. Vecchiarelli to conduct a Case Management Conference. *See* Non-document Order entered on September 7, 2010.

On January 21, 2011, the case was referred by the undersigned to Judge Vecchiarelli for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized her to file with the Court a report containing proposed findings and a

(1:10CV1587)

recommendation for disposition of case-dispositive motions.  *See* Order of Reference (ECF No. 47).

> After the following motions were filed --
>
> Century's Motion to Dismiss or, in the Alternative, to Stay Proceedings Pending Arbitration (ECF No. 18),
>
> FDR's Motion to Compel Arbitration and Stay Proceedings and for Joinder in Century, RMBT, and Global's Respective Motions to Compel Arbitration and Stay Proceedings (ECF No. 21),
>
> FDR's Motion to Dismiss Complaint (ECF No. 22),
>
> RMBT and Global's Motion to Compel Arbitration (ECF No. 23), and
>
> RMBT and Global's Motion to Dismiss Plaintiff's Claims (ECF No. 25);

the Magistrate Judge submitted Reports and Recommendations (ECF Nos. 82 and 83) on July 13, 2011 recommending that:

> Century's Motion to Dismiss or, in the Alternative, to Stay Proceedings Pending Arbitration (ECF No. 18) be granted by dismissing Plaintiff's claims with prejudice (ECF No. 82 at 1);
>
> RMBT and Global's Motion to Compel Arbitration (ECF No. 23) be granted in part and denied in part, *i.e.*, denied as to enforcement of the arbitrator-selection and arbitration procedures, but otherwise granted (ECF No. 82 at 1-2);
>
> RMBT and Global's Motion to Dismiss Plaintiff's Claims (ECF No. 25) be denied upon the grounds that the Court lacks jurisdiction to decide the merits of Plaintiff's claims (ECF No. 82 at 2);
>
> FDR's Motion to Compel Arbitration and Stay Proceedings and for Joinder in Century, RMBT, and Global's Respective Motions to Compel Arbitration and Stay Proceedings (ECF No. 21) be granted by dismissing Plaintiff's claims with prejudice (ECF No. 83 at 1); and
>
> FDR's Motion to Dismiss Complaint (ECF No. 22) be denied upon the grounds that the Court lacks jurisdiction to decide the merits of Plaintiff's claims (ECF No. 83 at 1).

2

(1:10CV1587)

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service, but neither party has filed any such objections. Therefore, the Court must assume that the parties are satisfied with the Magistrate Judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Reports and Recommendations of the Magistrate Judge (ECF Nos. 82 and 83) are hereby adopted. Century's Motion to Dismiss or, in the Alternative, to Stay Proceedings Pending Arbitration (ECF No. 18) is granted. FDR's Motion to Compel Arbitration and Stay Proceedings and for Joinder in Century, RMBT, and Global's Respective Motions to Compel Arbitration and Stay Proceedings (ECF No. 21) is granted. Plaintiff's claims pending before the Court will be dismissed with prejudice because all issues raised in this action must be submitted to arbitration. FDR's Motion to Dismiss Complaint (ECF No. 22) and RMBT and Global's Motion to Dismiss Plaintiff's Claims (ECF No. 25) are denied upon the grounds that the Court lacks jurisdiction to decide the merits of Plaintiff's claims because they must be submitted to arbitration. RMBT and Global's Motion to Compel Arbitration (ECF No. 23) is denied as to enforcement of the manner of selecting an arbitrator and the procedures to be used in conducting the arbitration, but otherwise granted. *See* ECF No. 82 at 31.

The Court also dismisses without prejudice Plaintiff's allegations against the "John Doe" defendants, as service of process, and, by extension the institution of a lawsuit, cannot be

3

(1:10CV1587)

effected on fictitious persons. Furthermore, Plaintiff is advised that bringing a complaint against John and/or Jane Doe defendants does not toll the statute of limitations as to those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 519 U.S. 821 (1996); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968), *cert. denied*, 394 U.S. 987 (1969).

    IT IS SO ORDERED.

| | |
|---|---|
|  August 4, 2011 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |